IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ELIZIA MATTHIAS, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:17-cv-758-RP |
| TEXAS TROPICAL PLANTS, INC., | § § § § | |
| Defendant. | § | |

## **ORDER**

Before the Court is Plaintiff's Motion for Appointment of Counsel. (Dkt. 3). Having reviewed the filings, the relevant law, and the factual record, the Court issues the following Order.

Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000 et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. (Dkt. 1, at 1). In brief, Plaintiff alleges that Defendant discriminated against him and ultimately fired him on the basis of his race and age. (*Id.* at 3–11). Plaintiff is currently proceeding *pro se* and asks the Court to appoint counsel to represent him. (*See* Dkt. 3).

Title VII permits district courts to appoint an attorney for a Title VII complainant upon request and "in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). There is no automatic right to the appointment of counsel. *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). Rather, the decision whether to appoint counsel rests within the sound discretion of the trial court. *Id.* at 1308.

The Fifth Circuit has directed district courts analyzing the merits of a Title VII plaintiff's request for counsel to consider three factors: (1) the merits of the plaintiff's claims of discrimination, (2) the efforts taken by the plaintiff to obtain counsel, and (3) the plaintiff's financial ability to retain

counsel. *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (citing *Caston*, 556 F.2d at 1309). "No single factor is conclusive." *Id.*

The second and third factors weigh in favor of appointment. Plaintiff has contacted ten different law firms but has not been able to find a firm to take his case. (Dkt. 3 E-A); *see also Gonzalez*, 907 F.2d at 580 (finding the second *Caston* factor met when a plaintiff had contacted five attorneys). Plaintiff did not provide the Court with information about his income or assets, but his motion suggests that he is currently unemployed. (Dkt. 3, at 1); *see also Buesgens v. Snow*, 169 F. App'x 869, 869–70 (5th Cir. 2006) (finding that the third *Caston* factor met when a plaintiff was unemployed and received only $1,300 per month in disability payments).

However, the first factor weighs against Plaintiff. The Fifth Circuit has stated that a determination of the EEOC is "highly probative" in determining whether to appoint counsel. *Gonzalez*, 907 F.2d at 580 (citing *Caston*, 556 F.2d at 1309). The Fifth Circuit has also observed that the district court considers the merits of a plaintiff's case "in part because of the unfairness of requiring an attorney to donate his or her time when there is little chance of success." *Buesgens*, 169 F. App'x at 871. Here, the EEOC declined to pursue Plaintiff's case because it was "unable to conclude that the information obtained establishes violations of the statutes." (Dkt. 1). Moreover—and of greater concern to the Court—Defendant avers in its answer that it employs too few employees for either Title VII or the ADEA to apply to it. (Dkt. 4, ¶¶ 1, 13).[1]

Title VII applies to "an employer," and the statute defines "employer" as "a person . . . who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 2000e–2(a)(1), 2000e(b). Likewise, the ADEA

---

[1] However, the Court does not agree with Defendant that the number of employees is jurisdictional. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504 (2006) (holding that "the numerical threshold [for employees] does not circumscribe federal-court subject-matter jurisdiction" in Title VII cases); *Pennington v. Athens Hotel*, No. CV 4:15-2216, 2016 WL 7103909, at *3 n.11 (S.D. Tex. Dec. 6, 2016) ("Absent a Congressional declaration to the contrary, the ADEA employee-numerosity requirement is a substantive element of an ADEA claim, and a prerequisite to its application; it is not a jurisdictional limitation.").

2

applies to "an employer," which the statute defines as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 29 U.S.C. § 623(a), 630(b). A plaintiff fails to state a claim under Title VII if the defendant does not qualify as an employer for the purposes of Title VII. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). The same is true of the ADEA. *Pennington v. Athens Hotel*, No. CV 4:15-2216, 2016 WL 7103909, at *3 (S.D. Tex. Dec. 6, 2016).

Defendant has not pleaded specific facts concerning its number of employees. Nonetheless, the Court is sufficiently wary of "requiring an attorney to donate his or her time when there is little chance of success" that the Court declines to appoint counsel to represent Plaintiff at this time. *Buesgens*, 169 F. App'x at 871.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel, (Dkt. 3), is **DENIED WITHOUT PREJUDICE** to refile at a later stage in the litigation.

**SIGNED** on October 23, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE